IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:05-CV-01928-M |
| BOBRICH ENTERPRISES d/b/a SUBWAY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Amend to Join Defendants. For the reasons set forth below, the Motion is DENIED.

### I. FACTUAL BACKGROUND

On June 13, 2003, Tammy Gitsham[1] filed a charge with the EEOC, alleging that she had been discriminated against because of her disability. Until June 10, 2003, Gitsham had been employed as an Area Manager by Subway, supervising up to seven Subway restaurants. Also on June 13, 2003, the EEOC sent Subway a request for information, which Robert Suarez, the President of BobRich Enterprises ("BobRich"), answered on July 1, 2003. The EEOC filed its complaint for violation of Title I of the Americans with Disabilities Act of 1990 ("ADA") on September 28, 2005, naming BobRich as the only defendant.

On March 16, 2006, the Court entered a Scheduling Order which set April 28, 2006, as

---

[1] Tammy Gitsham was married and divorced during the term of her employment with BobRich Enterprises; she has also been known as Tammy Flatte and Tammy Cataldi. She will be referred to as "Gitsham" throughout.

1

the deadline to amend pleadings to join parties.[2] On May 16, 2006, the EEOC sent BobRich its first set of interrogatories, which were answered on June 15, 2006. At his deposition on September 21, 2006, Suarez testified that he held various management positions in three other corporations— R.J. Suarez Enterprises, Great Lakes Management Company, and Empire Charters— and that those three corporations, along with BobRich, owned and operated different Subway restaurants in the area. Suarez also testified that Great Lakes Management employed all 500-600 Subway employees and leased those employees to the other three corporations.[3] The EEOC deposed three other management-level employees—James Schuster (former Director of Operations), Rodney Mahaffey (Director of Operations), and Linda Clague (Human Resources Director)—in December of 2006. Schuster testified that he was an employee of Great Lakes Management and that, for purposes of his job, which corporation owned a particular restaurant was irrelevant. He also testified that a master list of which corporation owned which restaurants was always available at the office.[4] Mahaffey testified as to which Subway restaurants Gitsham managed as Area Manager. Clague testified on December 18, 2006, that she was not sure who employed her, but that she thought that it was a combination of all of the corporations. On December 21, 2006, the EEOC moved to amend its complaint to join R.J. Suarez Enterprises,

---

[2] This deadline was unchanged by the Amended Scheduling Order issued November 9, 2006, which set January 16, 2007 as the deadline for the completion of discovery and set the case for trial on April 9, 2007.

[3] This testimony differed significantly from prior answers about employees: in his response to the 2003 request for information, Suarez listed seven total employees (apparently referring only to the employees who held the position of Area Manager), and in its answer to interrogatories, BobRich answered that it employs between 175 and 200 total employees.

[4] The EEOC seems to have received a version of this list prior to Suarez's deposition. *See* Plaintiff's Br. in Support of Motion to Amend app. 9 pp.16-18.

Great Lakes Management Company, and Empire Charters as defendants.[5]

## II. DISCUSSION

The EEOC seeks to join these new parties long after the deadline set in the Scheduling Order, claiming to have learned during the course of discovery that these three corporations are appropriate parties to this suit. BobRich objects to amendment at this late date. Because the Court concludes that the EEOC has not shown good cause for the delay in seeking to amend, the Court denies the motion to join the three corporations as defendants.

When a court has entered a Scheduling Order and the deadline to amend set forth in it has passed, good cause to modify the Scheduling Order must be shown when an amendment is sought. FED. R. CIV. P. 16(b); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003). Only when the movant has shown good cause for the delay will leave to amend be freely given under Rule 15(a) . *S&W Enters., L.L.C.*, 315 F.3d at 536. To show good cause, the movant must demonstrate that, despite the movant's diligence, the deadlines could not reasonably have been met. *Id.* at 535 (citations omitted). When determining whether a movant has shown good cause, the Court shall consider four factors: the explanation for the delay, the importance of the amendment, the potential prejudice of the amendment, and the ability to cure any prejudice with a continuance. *Id.* at 536; *see also Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-CV-2392-G, 2005 WL 2124126, at *7 (N.D. Tex. Sept. 1, 2005).

Although the EEOC offers an explanation for its delay in seeking leave to amend, its explanation fails to explain adequately why the amendment to join three new defendants was not filed until eight months after the deadline set forth in the Scheduling Order and less than one

---

[5] The matter was not fully briefed until January 22, 2007.

month prior to the end of the discovery period. The EEOC's delay in determining the facts that causes it to want to join these three entities is unexplained.  The EEOC had notice that R.J. Suarez Enterprises might have been a proper party to this suit before the suit was filed, because it was listed as Gitsham's employer on her 2001 W-2.  *See* Plaintiff's Reply Br. app. 4. Suarez is the registered agent for all four corporations, and, had the EEOC promptly checked the records of the Secretary of State, it would have discovered these three entities, presumably within the Court's deadlines.  The EEOC had three years between the receipt of Gitsham's charge, and the deadline in the Scheduling Order to join new parties, to investigate and only now, on the eve of trial, does it seek to amend to join these three entities.

Further, the EEOC has not shown diligence in conducting discovery or moving to join.  It did not send its first interrogatories until almost a month after the deadline to join new parties had expired, and although it learned about the other entities at Suarez's September deposition, it waited an additional three months before moving to join them.  The first factor, the persuasiveness of the explanation for the delay, weighs in BobRich's favor.

The next factor is the importance of the amendment. Joinder of the new parties could very well affect the Plaintiff's case and any recovery that might be had.  Damages  recoverable under Title I of the ADA are limited by the number of employees that the employer employs.  42 U.S.C. § 1981a(b)(3).  The damages recoverable by the EEOC, and by Gitsham, for an ADA violation could vary significantly by the number of employees attributed to BobRich and those attributed to the other three entities, regardless of the relationship between them.  42 U.S.C. § 1981a(b)(3) (counting only number of employees of respondent for limitation of damages purposes).  The second factor weighs in the EEOC's favor.

4

The third factor is potential prejudice to the nonmovant, and the fourth factor is the ability to cure that prejudice with a continuance. The potential prejudice to BobRich is high, and the ability to cure that prejudice with a continuance is low. The deadline for completion of discovery has passed, and the case is currently set for trial on April 9, 2007. If three new defendants are joined, the discovery period will need to be reopened and the trial will need to be reset. The conduct which is the basis of this suit occurred more than three years ago, and any resetting of the trial date would place it more than four years after the relevant conduct occurred. The Court has the inherent power to control its docket and refuse to grant a continuance to allow litigants who have failed to show diligence "another chance to develop their case." *Reliance Ins. Corp. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). The third and fourth factors weigh in BobRich's favor.

The EEOC has failed to show diligence in moving to amend its complaint to join three new defendants, and it has failed to show good cause to modify the Scheduling Order. Its motion for leave to amend to join new parties is therefore DENIED.

**SO ORDERED.**

**DATED:** March 6, 2007.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**