IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) No. 3:05-CV-01928-M |
| vs. | ) ) |
| BOBRICH ENTERPRISES d/b/a SUBWAY, | ) ) ) ) |
| Defendant. | ) |

PRETRIAL CONFERENCE
BEFORE THE HONORABLE BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
April 2, 2007

A P P E A R A N C E S

For the Plaintiff:

    EEOC - DALLAS DISTRICT OFFICE
    207 South Houston - 3rd Floor
    Dallas, TX   75202
    (214)253-2740
    BY:   SUZANNE M. ANDERSON

For the Defendant:

    SULLIVAN & COOK
    2301 Cedar Springs Road - Suite 200
    Dallas, TX   75201
    (214)520-7494
    BY:   JEFFREY E. COOK

COURT REPORTER:   SHAWNIE ARCHULETA, TX CCR No. 7533
                        1100 Commerce Street
                        Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 16 2007
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

2

1          THE COURT:  Good afternoon.
2          MS. ANDERSON:  Good afternoon, Your Honor.
3          MR. COOK:  Good afternoon, Your Honor.
4          THE COURT:  All right.  The Court is here
5   to conduct a pretrial in the matter of EEOC v.
6   Bobrich Enterprises, Case Number 05-CV-1928.
7          First of all, I have reviewed the pretrial
8   order and I have signed it.  That will be entered.
9          I have received your trial briefs today.
10  I have not had but a very abbreviated time to review
11  those, so I'm not sure I'm going to be in a position
12  to rule on those today or not, but we will talk it
13  through.
14         Let me begin by talking about the
15  schedule.  Here's the situation:  I'm in trial in
16  Baton Rouge starting tomorrow.  I thought I would be
17  in trial through Friday, but I'm not going to be in
18  session on Friday because I'm advised that I have
19  too many jurors who can't be in session on Friday,
20  given that it's Good Friday.  So I'm not going to be
21  in session on Friday.  We're picking the jury and
22  conducting opening statements tomorrow, so it's
23  touch and go whether I finish this week or not.
24         If I don't finish and I have to go back on
25  Monday, then there's no way I'm going to get to you.

FEDERAL COURT REPORTER - 214.753.2747

```
 1  If I finish this week, then we'll start on Monday,
 2  and we can go Monday, Tuesday, and Wednesday.  On
 3  Tuesday, we would not take a lunch break, and we'll
 4  go until about 2:30 and just break.  That's only
 5  going to end up costing you about an hour with
 6  skipping lunch and not having the afternoon recess.
 7            So do you all think you can finish in that
 8  amount of time?
 9            MS. ANDERSON:  I'm not sure, Your Honor.
10  I mean we have talked about -- counsel and I have
11  talked about finishing in the three days.  You know,
12  I think we can do it, but we're not -- the two of us
13  are not convinced.  And we do have witnesses coming
14  in from Minnesota and from Oklahoma.
15            THE COURT:  That's why I gave you all
16  notice of this, because I knew this was going to be
17  an issue.
18            MS. ANDERSON:  Absolutely.
19            MR. COOK:  Your Honor, I think it's
20  possible we will finish in three days, but there are
21  15 witnesses listed and quite a few exhibits.  I
22  think it is very touch and go as to whether that
23  will happen.
24            THE COURT:  The problem we've got is that
25  if you're not finished -- I tell you what, let me
```

1  take a 15-second break and grab something so I will
2  have a calendar in front of me.
3           (Pause in the proceedings.)
4           THE COURT:  The difficulty I've got is
5  this:  If you all are not -- if you've not started
6  and finished between the 9th and the 11th, I can't
7  continue you because I either have conflicting
8  criminal matters, including one specially-set
9  criminal case, or I am out of town for meetings that
10 I can't miss.  So that's it.  I can't -- and the
11 time when I could get back to you would be so far
12 off from that that there's no way I would hold a
13 jury.
14          So if you all can't be sure that you can
15 finish, then I'm not going to have a choice but to
16 reset you.  Or I can see if someone else can try the
17 case in my absence, which I'm happy to do.
18          MR. COOK:  Your Honor, under those
19 choices, I would vote for reset and have my calendar
20 here with just a couple of exceptions and do it when
21 you say.
22          THE COURT:  The difficulty I have is my
23 courtroom deputy is out sick today, so the chances
24 are if I tried to do it I would mess it up.  I will
25 hear from you all so I can have guidance from you.

1          MS. ANDERSON: EEOC, we would also agree
2    to have it reset.
3          THE COURT: Okay. You would rather have
4    it reset than having someone else try it?
5          MS. ANDERSON: Yes, Your Honor.
6          THE COURT: I'm flattered. I'm not sure
7    why I feel that, but I am.
8          So give me your preferences, then, as to
9    when. I'm not saying I can honor those, but give me
10   your respective preferences, and you all can think
11   about that for a minute, subject to witnesses, I
12   understand that.
13         MR. COOK: Do you want to go first?
14         MS. ANDERSON: The conflicts I have, Your
15   Honor --
16         THE COURT: Just don't even try for May.
17         MS. ANDERSON: Yeah, May is no good.
18         THE COURT: Okay.
19         MS. ANDERSON: And the other conflict, I
20   have a trial starting July 9th in the Western
21   District of Oklahoma. They're pretty good about
22   when they set you that you go. So that's a pretty
23   likely trial to start on July 9th. But that's only
24   a -- that's a five-day trial.
25         THE COURT: Okay.

```
 1            MR. COOK:  Your Honor, at the end of that
 2   week that begins July 9th, we're doing a family
 3   vacation and we'll be gone the end of that week and
 4   through the following week.  So if you took out the
 5   9th and the 16th, you would address her issue with
 6   the trial and my issue with my family trip, and then
 7   I am good up until the last week of August.  Other
 8   than that two-week period, I don't have anything
 9   that you wouldn't trump.
10            THE COURT:  Okay.  So the end of July and
11   end of August.
12            MR. COOK:  Yes, Your Honor.
13            THE COURT:  Okay.  I will let y'all know
14   that as soon as I can.  Should we go ahead and
15   proceed as far as we can get today, or do you want
16   to reschedule the pretrial?
17            MR. COOK:  Your Honor, rescheduling might
18   make some sense.  Suzanne and I continue to talk
19   about certain issues.  We might be able to refine
20   things.
21            THE COURT:  Okay.  That's fine. Let's
22   just cover a few things here preliminarily.  With
23   respect to -- let me just give y'all some idea of
24   how I do things.
25            You both were furnished with a
```

1   questionnaire, I understand, and I got proposed
2   comments for the questionnaire from the defendant.
3   I didn't get any from the EEOC.  Are there any
4   questions that the EEOC would like to add to the
5   questionnaire or change on the questionnaire?
6           MS. ANDERSON:  Your Honor, the only
7   questions we would like to add might be too specific
8   for the questionnaire, but we would request
9   questions related to, have you ever owned your own
10  business?  Do you have --
11          THE COURT:  I had -- hold on a minute.  I
12  had marked your submission with some things that I
13  would propose to put on the questionnaire.  I will,
14  of course, call out the names of all the witnesses.
15          I don't have any problem putting, of
16  yours, Questions 5, 6, 7 and 8 on the questionnaire,
17  Plaintiff's 5, 6, 7 and 8, and that's it.
18          Does the -- excuse me.  31 and 32 in
19  another form are pretty much there already, as is 9.
20          Does the defense have any objection to my
21  including 5 through 8 on the questionnaire?
22          MR. COOK:  No, Your Honor.
23          THE COURT:  All right.  Does the plaintiff
24  have any objection to my including the proposed
25  additions that the defense counsel has proposed?

```
 1              MS. ANDERSON:  No, Your Honor.
 2              THE COURT:  All right.  Okay.  Then those
 3   additions will be made to the questionnaire.
 4              Now, I conduct voir dire, and then I will
 5   let you all conduct voir dire.  I won't make you say
 6   this today since we're not going soon, but I will
 7   ask you how much time each of you want for voir dire
 8   and how much you want for opening statements.  So if
 9   you can agree on that, the chances are you're likely
10   to get what you want from me.
11              On the plaintiff's proposed questions, I
12   am likely to cover 1, 2, 3, 4, 16 -- maybe not in
13   exactly that form, but -- 30 and 33, but not quite
14   that way.  So the rest of those will be up to you to
15   ask if you wish.
16              As far as the defendant is concerned, I
17   will ask 1, but not necessarily in that form; 2,
18   again not necessarily in that precise form; and the
19   others are for you.
20              We generally start at 8:30 and go until
21   5:00.  If the jury wants to change the schedule,
22   starting earlier or going a little bit later, I will
23   accommodate them.  Sometimes I have people who need
24   to adjourn earlier because they have
25   responsibilities at home, and we will take care of
```

1   that as needed.
2           You can bring bottled water into the
3   courtroom, and I will give the jury water. The
4   jurors can take notes if they wish. I will ask you
5   if you want to agree that the jurors may ask
6   questions. If you agree to that, this is the way I
7   do it: The jurors, if they have a question, will
8   write it down, pass it to the court security
9   officer -- I will encourage them to do that during
10  breaks -- but if they have a question that they want
11  answered, then they will do it then. They are not
12  to identify themselves on the question. If I know
13  who they are, I won't tell you.
14          And I will call you up to the bench or
15  during a break, just read the question to you, and
16  then you may do what you wish with it. I won't put
17  a question to a witness. Well, you can put a
18  question to the witness, but you won't say this is a
19  question from the jury. In other words, if that's
20  something that you want to develop, either of you,
21  then you may develop it. So it's basically just a
22  free look into something that the jurors want to
23  know.
24          Most of the time it's very much
25  underutilized. They hardly ever ask questions.

When they do, it's usually one person. And it's usually something that is confusing to them, they don't understand the sequence or they missed who somebody is, but it's sort of a freebie look. But I will not impose it upon you if you both don't agree to do it.

MR. COOK: Do you want to know that now?

THE COURT: If you want to think about it, you can. It's not urgent that I know that now. I think people have generally found it to be helpful and not a problem, but it's up to you.

I will probably seat -- I will either seat seven or eight, I'm going to be thinking about that. If we're in the summer, I will probably seat eight because things happen more often during the summer that there's something comes up that someone becomes unavailable. And of course, in federal court, any alternate becomes a regular juror. So if they're all there, then you will have eight people.

We usually take an hour and a quarter for lunch and we have two 15- to 20-minute recesses mid-morning and mid-afternoon.

You will ask my permission to approach the witness the first time, and then you will have it for the balance of the witness. You don't have to

1  repeatedly ask me.  If you want to show the witness
2  something, you can approach the witness to do that.
3  Don't lurk.  When you're done with the document go
4  back to start.  I'm not going to tie you with a
5  short leash to the lectern, you can move about a
6  little bit, but don't get too close to the jury.
7  When you make your opening statements, you can turn
8  the lectern toward the jury.
9            If you're using any overheads or blowups,
10 make sure that you come in here and try them out.
11 The lighting in here turns everything to a shade of
12 gray that makes it difficult to see unless the
13 screen is enormous.  So I'm happy to have you
14 arrange with the court security officer to come in
15 the courtroom and try anything out that you want to
16 use.
17           Jurors complain routinely that what
18 lawyers think is big enough for them to see is too
19 small for them to read.  You want to look at the
20 lines of sight in here, which are somewhat
21 difficult, to make sure that everyone can see.
22 Usually for the jurors to be able to see, I can't
23 see.  That's okay.  If you want me to look at it,
24 just give me a small version of it and that will be
25 fine.  If you don't care if I see it or not, that's

```
 1   fine, too.
 2              If a witness needs to get up and
 3   demonstrate something or point to something, that's
 4   fine.  Just ask me permission, and I will give it to
 5   you.  You're responsible for the exhibits and the
 6   marking of them.  When you are done with them, put
 7   them on the table here.  I will keep up with them,
 8   but you keep up with what's been admitted and not
 9   admitted.
10              My court reporter doesn't mark exhibits,
11   she just -- you mark them in advance, and I will
12   preadmit anything that you all want me to.  If you
13   all agree on something being admissible and we can
14   save some time by my admitting it before, then let's
15   do that.
16              If there are evidentiary issues that you
17   see coming, I would like to take those up before the
18   jury comes in or during a break.  I don't like to
19   send them back to the jury room unless I absolutely
20   have to.  I don't like surprises, so if you see
21   something coming, let me know.  If you are going to
22   use demonstrative aids during opening statement,
23   show them to opposing counsel so if there is a
24   problem with that I will know about it.
25              You are required to tell opposing counsel
```

1  the lineup for the witnesses for the following day
2  by the end of the day before.
3         I'm not going to rule on deposition
4  excerpts before trial because they're hardly ever
5  actually offered, and I waste a lot of time reading
6  them.  If you know you are going to use them,
7  however, what I want you to do is mark them up for
8  me, highlight in one color -- I don't care what
9  color as long as you tell me what color you're
10 using -- the offering party's designation, and then
11 in another color the objections.  And if the
12 objection was not required to be made at the time,
13 then you will just write there what the objection is
14 that's contained in the materials that have been
15 filed and I will take it home and read it and make
16 my rulings before court starts.
17        Anything else that you all want to know
18 now?
19        MR. COOK:  One question, Your Honor, with
20 respect to the voir dire process.  How much going
21 into the facts is allowed by us, if any?
22        THE COURT:  Well, you can tell the jury
23 what your contentions are.  This isn't state court
24 voir dire and you're not going to argue your case in
25 the voir dire.  But I will allow you to tell them

1   enough so that you can reasonably ascertain whether
2   they have some knowledge or orientation that you
3   think would make them not a fair and impartial
4   juror.
5            MR. COOK:  Thank you, Your Honor.
6            THE COURT:  I will know when you've gone
7   too far when I hear you go too far.  It's hard for
8   me to answer the question in the abstract.  I hope
9   that's helpful.
10           All the jurors will get their own copies
11  of the charge -- and I charge the jury before
12  closing argument -- and they can make notes on the
13  charge.  And you can put up on the overhead any
14  portion of the charge that you want, including the
15  proposed questions, which will at that time be the
16  questions, and what you propose to be the answers.
17           With respect to the trial briefs, my
18  inclination is to overrule both motions in limine to
19  which the briefs are addressed.  That is to allow
20  the defense to question the plaintiff as to these
21  examples of being less than truthful and the -- not
22  allowing these defenses to be asserted, given the
23  individuals who are charged with wrongdoing.  But
24  that's a preliminary ruling.
25           I will permit each of you to respond to

```
 1  the briefs that were submitted today.  No replies.
 2  You all can make your responsive argument when you
 3  see me.  And I will, if -- I will either -- well,
 4  let me revise that, because I'm not likely to see
 5  you all again until the day of, and I think you will
 6  want to know this in advance, so I will permit a
 7  brief reply.  Let's go ahead and brief this out as
 8  if it were a motion briefing schedule.  So each of
 9  you may, if you wish, respond to the motions in
10  limine, and then if the movant wishes to reply, you
11  may do that.
12          Is there anything else that you all would
13  like for me to rule on today?
14          MR. COOK:  No, Your Honor.
15          MS. ANDERSON:  Your Honor, just a point of
16  clarification so that I understand it.
17          Defendant filed today a trial brief, which
18  was a response to the motion in limine that the EEOC
19  filed.  So EEOC can now file a reply to that?
20          THE COURT:  Yes, you may.  Hold on just a
21  second, let me check something here.
22          Yes.  I guess that now that I'm refreshing
23  my memory about the matter, I guess that once I have
24  your reply, that will be the end of the briefing
25  since you've already briefed it initially.
```

```
 1              MS. ANDERSON:  And EEOC should follow the
 2   local rules with respect to a reply brief as to when
 3   it's due and the page numbering?
 4              THE COURT:  Yes, that's correct.
 5              MS. ANDERSON:  Great.  Thank you.
 6              THE COURT:  I don't really have any
 7   briefing from the defendant on the Ellerth Faragher
 8   issue, so you may respond to that and then the EEOC
 9   may file a reply on that.  Okay?
10              MR. COOK:  Yes, Your Honor.
11              Your Honor, I have thought of one
12   question.  So I'm crystal clear, are both sides okay
13   to tell our witnesses we're definitely off for next
14   week?
15              THE COURT:  Yes.
16              MR. COOK:  Do you have a guess as to when
17   we will hear when it's reset to?
18              THE COURT:  You will hear this week.  Yes,
19   on the assumption that Lori, my courtroom deputy is
20   back.  Even though I will not be here, I will leave
21   some instructions with her about what we're talking
22   about date-wise, and I can be reached by her in
23   Louisiana.  So we should be able to get that taken
24   care of this week.
25              And if you have any dates, when you talk
```

1 to witnesses, that you need to supplement what you
2 have told me, just call my office and say so.
3          With respect to the other limine items,
4 are you all still talking about that, so you don't
5 want me to rule on those now?
6          MR. COOK: Well, we have continued to
7 talk, Your Honor, as recently as before we came in
8 here. I think it's fair to say we will probably
9 keep doing that, particularly since the briefing
10 will be exchanged some more.
11          THE COURT: That's fine. And let me know
12 where you all are, and I will ask you to come in or
13 I will conduct a telephone conference on the
14 remaining limine items.
15          I think that probably covers what we need
16 to do today unless you have things by way of
17 exhibits that you want me to take care of today.
18          MR. COOK: Not --
19          THE COURT: Let's go off the record.
20          (Pause in the proceedings.)
21          THE COURT: Let me also make sure I
22 understand the plaintiff's name. Ms. Gitsham's name
23 is Gitsham today?
24          MS. ANDERSON: Yes, Your Honor. Her name
25 is now Tammy Gitsham.

1    THE COURT: And her name when she worked
2  for the defendant?
3    MS. ANDERSON: Her name was Tammy Flatte
4  when she began working for the defendant. She got
5  married during her employment and her name changed
6  to Tammy Cataldi.
7    THE COURT: And now is Gitsham. Is she
8  remarried?
9    MS. ANDERSON: Yes, Your Honor.
10    THE COURT: So was she single when she
11  worked for the defendant?
12    MS. ANDERSON: She was single when she
13  first started working there, then she married.
14    THE COURT: Mr. Cataldi.
15    MS. ANDERSON: Yes.
16    THE COURT: Then was divorced.
17    MS. ANDERSON: They separated while she
18  was working there. She moved to Oklahoma sometime
19  later and married again.
20    THE COURT: Okay. And was never working
21  for the defendant as Ms. Gitsham.
22    MS. ANDERSON: No.
23    THE COURT: All right. Anything else that
24  I can help you all with at this point?
25    MR. COOK: No. Thank you, Judge.

```
1            THE COURT:  I'm sorry for the difficulties
2  with the scheduling.  As I say, I saw this coming,
3  and I gave everybody on that docket the opportunity
4  to stay or go, and I think you all were the only
5  ones to stay.  But if you're not going to finish in
6  three days and you don't know for sure, I just can't
7  afford to keep you there.  So we will find another
8  place for you, and I will let you know as soon as I
9  can when that will be.
10           MR. COOK:  Thank you, Your Honor.
11           THE COURT:  Thank you very much.
12        (The proceedings concluded at 3:08 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                  C E R T I F I C A T E
 2        I, Shawnie Archuleta, CCR/CRR, certify
 3   that the foregoing is a transcript from the record
 4   of the proceedings in the foregoing entitled matter.
 5        I further certify that the transcript fees
 6   format comply with those prescribed by the Court and
 7   the Judicial Conference of the United States.
 8        This 12th day of July 2007.
 9
10
11                        _____
                          Shawnie Archuleta CCR No. 7533
12                        Official Court Reporter
                          The Northern District of Texas
13                        Dallas Division
14
15
16   My CSR license expires:  December 31, 2007
17   Business address:   1100 Commerce Street
                         Dallas, TX   75242
18   Telephone Number:   214.753.2747
19
20
21
22
23
24
25
```